IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN ELLSWORTH THORNE III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 19-49-E |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 16th day of September, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court has little to add to the decision of the Administrative Law Judge ("ALJ"), which was particularly thorough and supported by substantial record evidence. The ALJ extensively and accurately discussed the evidence and explained how she formulated Plaintiff's residual functional capacity. A couple of issues raised by Plaintiff, though, require some brief further discussion.

Plaintiff suggests that the ALJ erred in not ordering a consultative examination to be performed in regard to the functional limitations caused by his back and knee impairments. Specifically, he contends that "it was incumbent on the ALJ to secure additional evidence" regarding Plaintiff's ability to maintain regular attendance in the workplace, perform work activities on a consistent basis, and complete a normal workday or work week without interruption. (Doc. No. 11 at 3). However, while an ALJ *may* order a consultative examination if the record is insufficient to render a decision, he or she is generally not required to do so. See 20 C.F.R. §§ 404.1519a, 404.1520b; Thompson v. Halter, 45 Fed. Appx. 146, 149 (3d Cir. 2002). Generally, an ALJ is authorized to obtain a consultative examination "if the information needed to make a disability determination, 'such as clinical findings, laboratory tests, a diagnosis or a prognosis' cannot be obtained from the claimant's medical sources." Tuulaupua v. Colvin, Civ. No. 14-1121, 2015 WL 5769984, at *6 (W.D. Pa. Sept. 30, 2015) (quoting 20 C.F.R. §§ 404.1519a(a) and (b)). Such an examination may be ordered "to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on your claim." 20 C.F.R. § 404.1519a(b). The decision whether to order such an examination is within the sound discretion of the ALJ. See Thompson, 45 Fed. Appx. at 149. This decision "should be firmly rooted in an assessment of the evidence as a whole." Woodman v. Berryhill, Civ. No. 3:17-cv-151, 2018 WL 1056401, at *5 (M.D. Pa. Jan. 30, 2018).

The Court here finds that the ALJ did not abuse her discretion in not obtaining a consultative examination. The record was not lacking in clinical findings, laboratory tests, or a diagnosis or prognosis; what it lacked was any opinion by a treating physician regarding Plaintiff's functional limitations. To the extent that Plaintiff believed an opinion from one of his treating physicians was probative, he certainly could have attempted to obtain one. The Court cannot find, though, that the lack of such opinion evidence necessitated a consultative examination. The objective medical evidence in this case was quite extensive, and the ALJ did, as discussed below, have the benefit of two state examining agent opinions. (R. 82-92, 93-103). Likewise, there was no specific inconsistency that needed to be addressed by a consultative examiner. Under these circumstances, the Court finds that substantial evidence supports the ALJ's exercise of her discretion.

Plaintiff also asserts, however, that, even though the record did contain the opinions of two state reviewing agents, R.S. Kadian, M.D., and Gene Godwin, M.D., the ALJ should not have relied upon them because they were rendered in April and September of 2015 respectively and therefore did not account for later record evidence, specifically that contained in Exhibits

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and that Defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:     Counsel of record

---

13F and 14F. (Doc. No. 11 at 5). However, the Court notes that it is not unexpected for the record to contain evidence post-dating the state reviewing agent's opinion. Generally speaking, "there is always a time lapse between the consultant's report and the ALJ hearing and decision." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). Here, the record does not demonstrate any significantly changed conditions from the dates on which the reviewing agents' opinions were rendered. Moreover, while there is in fact evidence to which state reviewing agents had no access, the ALJ was aware of and considered and discussed said evidence in weighing the opinions. (R. 20). The Court further notes that the ALJ gave more weight to the latter of the two opinions. (Id.).

Accordingly, the ALJ adequately explained the basis for her findings, and substantial evidence supports her decision. The Court therefore affirms.